JOSEPH S. BRADLEY & another *vs.* RUFUS H. BRIGHAM, executor.

Middlesex.   Jan. 27, 28. — Feb. 28, 1887.   C. ALLEN & HOLMES, JJ., absent.

If assets of a partnership are in the possession of one of the partners at his death, and are sold by the executor of his will for less than their value, and the amount received is accounted for as assets of the estate, the surviving partners, on a bill in equity against the executor in his capacity as executor, are only entitled to recover their proportion of the amount actually received, with interest.

GARDNER, J.   The plaintiffs, who were formerly copartners with one Francis Brigham, deceased, bring this bill in equity against the executor of the will of Francis Brigham, to recover the value of certain bonds, issued by the Mexican government, the property of the copartnership, which, after the dissolution of the copartnership, were placed, with the consent of the plaintiffs, in the hands of Francis Brigham, and which were in his possession when he died, and were sold by the executor as part of the estate of Francis Brigham, and the proceeds of the sale entered among the assets of the estate.

Two questions are raised by the pleadings and the report of the master to whom the case was referred : 1. Whether the

bonds sold were taken in settlement of a debt contracted prior to November 1, 1860, when the shares of the plaintiffs were one third each, or after that date, when their shares were one quarter each.    2.  Whether the plaintiffs are entitled to recover their proportion of $4950, the value of the bonds as found by the master, or their share of $2487.50, the amount which the executor received for the bonds at private sale.

1.  The firm of F. Brigham and Company and that of Kimball, Robinson, and Company entered into an agreement in writing to do business together on joint account under the name of the " Feltonville Factory," the same to continue from November 1, 1858, to November 1, 1860.    Each firm was to have an equal share in the business.    The master found and reported " that there was no evidence that the arrangement continued beyond its written limitation."    It is conceded that the master erred in coming to this conclusion, as in fact the arrangement did continue many years after November 1, 1860.    This becomes material, as the bonds were received by the Feltonville Factory for a debt due to that company.    When that debt was contracted, whether before or after November 1, 1860, was in dispute between the parties.    The master found and reported as follows : " I am also of the opinion, in the absence of any evidence showing the continuance of the Feltonville Factory partnership later than November 1, 1860, . . . . that said debt . . . . was contracted prior to said last-named date."    The presumption which generally arises from the finding of the master upon a matter of fact does not exist in the present case, because of the conceded mistake made by the master.    It becomes our duty, therefore, to determine, upon all the evidence before us, whether the indebtedness for which the bonds were given in settlement was created before or after November 1, 1860.    Upon carefully reading all the evidence, we are unable to say that the master was wrong in the conclusion at which he arrived.    We think that the evidence warrants the conclusion that the indebtedness to the Feltonville Factory was contracted prior to November 1, 1860.    The finding of the master that the Mexican bonds were assets of the copartnership existing prior to November 1, 1860, and at the death of the defendant's testator were owned one third by him, and one third by each of the plaintiffs, was therefore correct.

2. The executor found the Mexican bonds among the other property of his testator, and disposed of them at private sale, placing the amount received for them among the assets of the estate. When this bill was brought, the sum of $2487.50, the amount received by the executor for the bonds, was in his hands among the assets of the estate of his testator. The plaintiffs in their bill allege that the defendant as executor came into possession of the bonds, that he has disposed of them and received the proceeds thereof to the amount of $6000, and that the plaintiffs are entitled to receive their share of said proceeds, namely, one third to each, with interest thereon. The plaintiffs also allege that they have demanded of the executor to pay to them their share of the proceeds, &c. The plaintiffs pray that an account may be taken, &c., and that the defendant be directed to pay to the plaintiffs whatever sum shall be found due to them in respect to said partnership matters, with interest. The bill goes upon the ground that the plaintiffs are only entitled to their share of the proceeds of the sale of the bonds. No complaint is made of wrongful or negligent action on the part of the executor as to the bonds, nor that they were sold at private sale for less than their fair market value. The question as to what the value of the bonds was at the time of the sale is not raised by the bill. But, independently of the question of pleading, we are of opinion that the plaintiffs cannot recover more than their share of the amount which has become assets of the estate. This is a bill in fact against the estate of Francis Brigham. Whatever the rights of the plaintiffs may be against the executor personally. their only remedy against the estate is to recover their share of the amount which has gone into the hands of the executor as assets of the estate. The negligent and tortious acts of the executor in dealing with the property, if any such acts exist, cannot be imputed to the estate. The executor must personally respond to such charges. The legal title to the Mexican bonds was in the surviving partners in trust for the copartnership. The executor of Francis Brigham, one of the copartners, had no legal right to sell them and convert them into money. In so doing he acted tortiously, and not as executor of the estate. If, however, the estate has received any benefit from the wrongful acts of the executor, the estate should be

compelled to make restitution of that portion which does not belong to it.

The plaintiffs are each entitled to one third of $2487.50, the sum for which the bonds were sold, and which went into the hands of the executor as assets of the estate, with interest from the date of the filing of this bill.

*Decree accordingly.*

*J. G. Abbott & J. T. Joslin,* for the defendant.

*S. H. Tyng,* (*S. W. Trowbridge* with him,) for the plaintiffs.